FILED
99 NOV 23 PM 2:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| Plaintiff, } | |
| v. } | CASE NO. CV 99-B-1338-NE |
| SHIELA K. FACEMIRE } | |
| SSN: 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, } | |
| Defendant. } | |

ENTERED
NOV 23 1999

## MEMORANDUM OPINION

This matter is before the court on plaintiff's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion is due to be granted.

In this suit, plaintiff United States of America alleges that defendant Shiela K. Facemire is indebted to the plaintiff in the principal sum of $14,981.22, plus accrued interest in the amount of $4,574.39 as of July 20, 1998, for a total amount of $19,555.61, and accrued interest at the rate of 10% per annum on the principal amount of $9,216.25 until date of judgment and at the rate of 9.13% per annum on the principal amount of $5,764.97 until date of judgment, court costs pursuant to 28 U.S.C. § 2412(a)(2), and interest from the date of judgment at the prevailing legal rate until paid in full. Plaintiff also alleges that defendant has wrongfully refused and failed to repay the aforesaid amount although demand has been duly made for restitution.

On September 28, 1999, plaintiff filed the Motion for Summary Judgment presently before the court. On October 6, 1999, the court entered an Order directing defendant to submit any opposition to plaintiff's Motion for Summary Judgment on or before October 21, 1999.

Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to a judgment as a matter of law. Defendant has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, defendant has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for

plaintiff. Consequently, the court holds that plaintiff's Motion for Summary Judgment is due to be granted.

**DONE** this 23rd day of November, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge